*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERT WAYNE PRUESNER,

      Defendant-Appellant.

UNPUBLISHED
March 7, 2019

No. 337576
Oakland Circuit Court
LC No. 2016-260209-FC

AFTER REMAND

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

We remanded this case to the trial court for an evidentiary hearing regarding defendant's claim that defense counsel was ineffective for failing to object to the prosecution's intent to introduce his prior criminal convictions under MRE 609 in the event that he testified.[1] We retained jurisdiction. After holding the hearing, the trial court ruled that defendant received effective assistance of counsel. We affirm.

Whether defense counsel performed ineffectively is a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review the trial court's factual findings for clear error and review questions of constitutional law de novo. See *id*. To establish a claim of ineffective assistance of counsel, defendant must demonstrate that defense counsel's performance fell below an objective standard of professional reasonableness, and that, in the absence of counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).

---

[1] *People v Pruesner*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2018 (Docket No. 337576).

At the hearing, the two attorneys who represented defendant at his criminal trial each testified that defendant did not want to testify during the trial. Defendant testified at the hearing and agreed with this assessment, but asserted that he reached this decision only after being told by counsel that his criminal convictions would be used against him if he testified during the trial.

We have held that counsel is not ineffective for failing to file a motion in limine opposing the introduction of prior convictions when the defendant indicated that he never intended to testify. *People v Marshall*, 298 Mich App 607, 615-616; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013). In this case, the trial court found credible the attorneys' testimony that defendant definitely was not going to testify. Further, both attorneys testified that defendant eventually admitted to them that he had committed the crime and thus the attorneys believed that they could not ethically put defendant on the stand. "[A]n attorney's refusal to knowingly assist in the presentation of perjured testimony is not only consistent with . . . ethical obligations, but cannot be the basis of a claim of ineffective assistance of counsel." *People v Toma*, 462 Mich 281, 303 n 16; 613 NW2d 694 (2000). While defendant denied making this admission to defense counsel, the trial court found the attorneys' testimony credible. Deferring to the trial court's credibility determination, *People v Cartwright*, 454 Mich 550, 555; 563 NW2d 208 (1997), we conclude that defendant did not demonstrate that he was denied effective assistance of counsel.

Affirmed.


/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro